Filing # 55008366 E-Filed 04/12/2017 05:07:56 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

GERRY ADAMS,

    Plaintiff,

v.                                                Case No.:

AFFINITY MARKETING SERVICES, LLC.,
SCOTT NICHOLS,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GERRY ADAMS ("Adams"), files this Complaint against Defendant AFFINITY MARKETING, LLC. ("Affinity") and Defendant SCOTT NICHOLS ("Nichols"), and states:

## NATURE OF THE CLAIMS

1. This is an action for damages in excess of $15,000, injunctive relief, and declaratory relief against Defendant Affinity to address disability discrimination and failure to accommodate a disability in violation of the Florida Civil Rights Act, Section 760 *et. seq.*, Florida Statutes ("FCRA"), and both Defendants' violations of Plaintiff's rights under the Employee Retirement Income Security Act of 1974, Section 510, 29 U.S.C. § 1140 *et. seq.* ("ERISA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims.

3. Venue is proper because this Judicial District is the location where Affinity operates its facilities for business and is where the unlawful employment practices detailed below occurred.



Pat Frank
As Clerk of the Court
By: /s/ V. Phillips
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defense, debe presenter su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes ineresadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requistos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su repuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones.)

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous fraudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocet) nomme ci-dessous.

## THE PARTIES

4. At all times material hereto, Adams was a resident of the State of Florida. Adams was and is a covered individual under the FCRA and ERISA.

5. At all times material hereto, Adams had a disability recognized under the FCRA.

6. Affinity is organized under the laws of the State of Florida and registered and licensed to do business in Florida.

7. At all times material hereto Affinity transacted business and performed services in this Judicial District.

8. Affinity was Adams's employer within the scope of the FCRA and ERISA during the times relevant to this Complaint.

9. Nichols was a corporate officer of Affinity during the times relevant to this Complaint.

10. Plaintiff has satisfied all conditions precedent to filing this action.

## STATEMENT OF FACTS

11. Plaintiff, an individual with a disability, was employed by Affinity as the Director of Information Technology from December 15, 2012 to April 12, 2016, when his employment was terminated.

12. Affinity regarded Plaintiff as having physical impairments, including but not limited to impairments associated with diabetes.

13. In early 2015, Plaintiff began experiencing medical issues that required more medical attention.

14. In early 2015, because Plaintiff started his workday at 11:00 a.m., he was able to attend medical appointments without missing work.

15. In or about August 2015, Affinity published an ad on Craigslist seeking an IT Director. The ad specifically stated that the current IT Director had medical issues requiring his

replacement.

16. In February of 2016, Affinity began offering health benefits to its employees.

17. On or about April 6, 2016, Adams learned that his participation in the plan would be very expensive, approximately two and one-half times more than the other employees.

18. Adams's employment was terminated on April 12, 2016.

19. Immediate supervisor Blake Neely notified Plaintiff that his employment was terminated.

20. The reasons given to Plaintiff for terminating his employment were pretextual.

21. At the time Plaintiff's employment was terminated, Affinity and Nichols had recently learned that Plaintiff's health insurance would cost the company approximately $9,600 per year.

22. During the meeting where Plaintiff's employment was terminated, Plaintiff's immediate supervisor Blake Neeley told Plaintiff that he was so sick and tired of Plaintiff being sick.

23. While employed by Affinity, Plaintiff was qualified for his position, and satisfactorily performed the job requirements of his position.

24. Plaintiff never received a negative performance evaluation while employed by Affinity.

25. Defendants treated Plaintiff less favorably than the way it treated other employees who did not have the disabilities suffered by Plaintiff, or who were perceived as not having the disabilities suffered by Plaintiff.

26. Plaintiff was replaced in his position by a younger employee who did not have the disabilities suffered by Plaintiff, or who was not perceived as having the disabilities suffered by Plaintiff.

27. The employee who replaced Plaintiff in his position was significantly less expensive to the employer with regard to health insurance costs.

28. Affinity did not provide a workplace accommodation, nor otherwise engage in an interactive process to determine whether such an accommodation was possible or appropriate.

29.   Plaintiff has been damaged as a result of Defendants' violation of the FCRA and ERISA.

## COUNT I - FCRA VIOLATION – Against AFFINITY
## (DISABILITY DISCRIMINATION)

30.   Plaintiff re-alleges and re-adopts paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.   The foregoing actions of Affinity constitute disability discrimination against Plaintiff in violation of the FCRA.

32.   As a person with a disability as defined by the FCRA and/or perceived by Affinity as having a disability as defined by the FCRA, Plaintiff is a member of a protected class.

33.   Plaintiff was injured due to Affinity's violations of the FCRA, including but not limited to terminating his employment.

34.   Plaintiff is entitled to legal and injunctive relief as a result of Affinity's actions.

**WHEREFORE**, Plaintiff demands:

(a)   An injunction restraining continued violation of the FCRA;

(b)   Compensation for lost wages, benefits, and other remuneration;

(c)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d)   Compensatory damages, including emotional distress, allowable at law;

(e)   Punitive damages;

(f)   Prejudgment interest on all monetary recovery obtained;

(g)   All costs and attorney's fees incurred in prosecuting these claims; and

(h)   For such further relief as the Court deems just and equitable.

## COUNT II - FCRA VIOLATION-- Against AFFINITY
### (FAILURE TO ACCOMMODATE DISABILITY)

35. Plaintiff re-alleges and re-adopts paragraphs 1 through 29 of this Complaint as if fully set forth herein.

36. The foregoing actions of Affinity constitute Affinity's refusal and failure to provide a reasonable accommodation in violation of the FCRA.

37. Plaintiff provided notice to Affinity of his disability and/or physical impairment(s).

38. Affinity had a duty to engage in an interactive process to determine whether a reasonable accommodation was available to Plaintiff.

39. Affinity failed to engage in this interactive process, violating the FCRA.

40. Engaging in the interactive process would not have created an undue hardship for Affinity.

41. Accommodating Plaintiff would not have created an undue hardship for Affinity.

42. Plaintiff was injured due to Affinity's violations of the FCRA, including but not limited to terminating his employment.

43. Plaintiff is entitled to legal and injunctive relief as a result of Affinity's actions.

**WHEREFORE**, Plaintiff demands:

(a) An injunction restraining continued violation of the FCRA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

### COUNT III – ERISA VIOLATION – Against AFFINITY And NICHOLS (DISCRIMINATION INCLUDING INTERFERENCE AND RETALIATION)

44. Plaintiff re-alleges and re-adopts paragraphs 1 through 29 of this Complaint as if fully set forth herein.

45. Plaintiff was eligible to participate in Affinity's employer-provided group health insurance plan ("plan").

46. Throughout the relevant time period, Defendant Nichols acted directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan.

47. During Plaintiff's employment, Defendants knew that Plaintiff dealt with on-going medical issues.

48. Plaintiff had a reasonable expectation to benefits under plan terms.

49. During the relevant time period, Defendants had notice of Plaintiff's reasonable expectation to benefits under plan terms.

50. Defendants learned within two weeks prior to Plaintiff's firing that Plaintiff's health insurance costs to the company would be relatively expensive.

51. Defendants interfered with Plaintiff's rights under ERISA, including but not limited to terminating Plaintiff's employment.

52. Plaintiff was injured due to Defendants' violations of ERISA, including but not limited to terminating his employment.

53. Plaintiff is entitled to legal and injunctive relief as a result of Defendants' actions.

**WHEREFORE**, Plaintiff demands:

(a) An injunction restraining continued violation of ERISA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d)   Compensatory damages, including emotional distress, allowable at law;

(e)   Punitive damages;

(f)   Prejudgment interest on all monetary recovery obtained;

(g)   All costs and attorney's fees incurred in prosecuting these claims; and

(h)   For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated April 12, 2017

Respectfully submitted,

JOHN BALES ATTORNEYS

*Charlotte F. Kelly*

Charlotte F. Kelly
Florida Bar No. 90105
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Facsimile: (813) 224-9109
Service Email: Team-EmploymentLaw@JohnBales.com